UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 06-079-DCR |
| | ) | and |
| V. | ) | Civil Action No. 2: 19-146-DCR |
| | ) | |
| DAVID JENNINGS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

*** *** *** ***

Defendant David Jennings pleaded guilty in 2006 to one count of distributing cocaine and was sentenced to 188 months' imprisonment, to be followed by six years of supervised release. [Record No. 37] He appealed the sentence to the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit determined that Jennings had been improperly sentenced as a career offender under United States Sentencing Guidelines § 4B1.1 and remanded the case for further proceedings. [Record No. 57] Following remand, the career-offender designation was removed, Jennings' criminal history category was amended to IV, and he was sentenced to 120 months' imprisonment to be followed by six years of supervised release. [Record Nos. 72, 81]

Jennings quickly violated the conditions of his supervised release upon being released from custody in early 2015. As a result, his term of supervised release was revoked and he was sentenced to 18 months' imprisonment. [Record No. 167] He completed the 18-month sentence and resumed serving his term of supervised release on August 23, 2016. [Record No. 169] Unfortunately, Jennings again violated the conditions of his supervised release. This

time, he was charged with first-degree trafficking in controlled substances and operating on a suspended license in Kenton County, Kentucky on February 8, 2019. [Record No. 176] Jennings stipulated to the violations and his term of supervised release was revoked for a second time on March 7, 2019. [Record No. 176] He was sentenced to 27 months' imprisonment, consecutive to any sentence imposed for the state court offenses. [Record No. 178] Jennings filed a notice of appeal, but voluntarily dismissed the appeal in July 2019. [Record Nos.179, 193] On October 21, 2019, Jennings filed a motion in this Court challenging the 27-month sentence under 28 U.S.C. § 2555.[1] [Record No. 195]

## I.

To prevail on a § 2255 motion alleging constitutional error, the movant must establish an error of constitutional magnitude, which had a substantial and injurious effect on the proceedings. *Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009). Non-constitutional errors, such as misapplication of the sentencing guidelines, ordinarily are not cognizable in § 2255 motions. *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018). Where such claims are not raised at trial or on direct appeal, they are waived on collateral review "except where the errors amount to something akin to a denial of due process." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Rule 4 of the Rules Governing § 2255 Proceedings requires the Court to promptly examine the § 2255 motion. If it is clear from the record that the movant is not entitled to relief, the Court must dismiss the habeas proceeding. *See* § 2255(b).

---

[1] Jennings previously tendered three § 2255 motions in this criminal action. [Record Nos. 90, 142, 152] While the Court is barred from considering "second or successive" § 2255 motions, this is the first § 2255 motion Jennings has filed with respect to the judgment upon revocation of his supervised release in 2019. Accordingly, the motion is not successive within the meaning of § 2255 and may be considered without prior authorization from the Sixth Circuit. *See Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007).

**II.**

Jennings' arguments spring from his belief that his 27-month revocation sentence was the result of an erroneous guidelines calculation. As noted above, such claims generally may not be asserted in a § 2255 motion. Additionally, Jennings voluntarily dismissed his appeal, forfeiting this claim for purposes of § 2255. *Dillon v. United States*, 188 F.3d 507 (6th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152 (1986)). Regardless, the Court has examined Jennings' motion and finds his claims are without merit.

As Jennings acknowledges in his motion, the advisory sentencing range is driven by the grade of the violation and the defendant's criminal history category. *See* U.S.S.G. 7B1.4. The more serious charge resulting in revocation of Jennings' supervised release was trafficking in a controlled substance first degree, first offense (4 grams of cocaine or more) in Kenton County District Court. *See* K.R.S. § 218A.1412(1)(a). Jennings stipulated to this offense, which is a Class C felony under Kentucky law, subjecting the offender to five to ten years of imprisonment. *See* K.R.S. §§ 218A.1412(3)(a), 532.060. A Grade A violation for guidelines purposes is "conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense." U.S.S.G. § 7B1.1. While Jennings argues fervently that this trafficking offense constitutes a Grade B violation under the Sentencing Guidelines, it is clearly a Grade A violation.

And contrary to Jennings' suggestion, the Court did not utilize Criminal History Category VI in calculating his sentence. Instead, the Court applied Criminal History Category IV, which Jennings apparently agrees is correct. According to the Revocation Table at U.S.S.G. § 7B1.4, a Grade A violation and Jennings' criminal history category of IV produces

a sentencing range of 24 to 30 months' imprisonment. He was sentenced to 27 months, squarely within the properly-calculated range.

Jennings makes vague claims concerning the adequacy of his attorney's performance during the supervised release proceedings. He claims that counsel failed to adequately investigate and prepare for the violation hearing and file "pretrial motions." Jennings also claims that his attorney did not investigate the class of his state felony and the appropriate grade of the violation.

The familiar standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to ineffective assistance of counsel claims. First, the defendant "must show that counsel's performance was deficient"—that is, it fell below an objective standard of reasonableness. *United States v. Gandy*, 926 F.3d 248, 261 (6th Cir. 2019) (citing *Strickland*, 466 U.S. 687-88). Second, the defendant must show that counsel's deficient performance prejudiced the defense. *Id.*

Jennings has not pointed to any particular conduct by counsel that he believes falls below an objective standard of reasonableness. Further, as previously explained, Jennings' sentencing range was correctly calculated and he was sentenced within that range. Accordingly, there is no suggestion that he was prejudiced by counsel's actions in connection to the revocation hearing.

**III.**

When the Court denies a motion for relief under § 2255, it must decide whether to grant a certificate of appealability, which would allow the movant to appeal the adverse decision. *See* Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may be issued only when the defendant has "made a substantial

showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this burden, the movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).

Jennings has not satisfied this standard. As an initial matter, he forfeited his non-constitutional claims by failing to exhaust them on direct appeal. Additionally, reasonable jurists would not debate the grade of Jennings' 2019 state drug trafficking charge. Based on the plain language of the applicable Kentucky statutes and section 7B1.1 of the guidelines, the offense meets the requirements of a Grade A violation.

Jennings' argument regarding his criminal history category appears to be based on a misunderstanding of the record, as his sentence was based on Criminal History Category IV, which he contends is correct. And reasonable jurists would not disagree that Jennings failed to articulate a cognizable ineffective-assistance-of-counsel claim when he does not point to any specific conduct by counsel and he received a within-guidelines sentence.

## IV.

The Court recently received correspondence from Defendant Jennings asking the Court to provide him with a copy of his supervised release violation report dated February 13, 2019, and "the previous memorandum copy." [Record No. 198] There are a couple of problems with this request. First, defendants are not automatically entitled to free copies of documents, and Jennings has not provided a reason for seeking these items. *See* 28 U.S.C. § 753(f); *Nunn v. Humphrey*, 80 F. Supp. 856, 857 (M.D. Penn. 1948). Second, the reports have not been filed in the record and, therefore, they are not in the custody of the Court. The Court also notes that

the defendant was given an opportunity to review the violation report during his initial appearance on February 26, 2019. Additionally, the transcript of that proceeding reveals that United States Magistrate Judge Candace J. Smith reviewed the report in detail with Jennings during that hearing. [Record No. 190] For these reasons, the Court will not provide the requested documents.

V.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Jennings' request for documents [Record No. 198] is **DENIED**.

2. Jennings' motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255 [Record No. 195] is **DISMISSED**.

Dated: October 25, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky